Defendant-appellant Lewis E. Townsley appeals the June 16, 1998, Judgment Entry of the Stark County Court of Common Pleas adjudicating him a sexual predator as defined in R.C. Section2950.01 (E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On February 10, 1992, appellant was indicted by the Stark County Grand Jury on one count of kidnaping in violation of R.C. 2905.01 and three (3) counts of rape in violation of RC.2907.02. At his arraignment of February 21, 1992, appellant entered a plea of not guilty to the charges in the indictment. In the Bill of Particulars, which was filed on April 13, 1992, appellee stated that appellant, on October 30, 1992, had kidnapped Amy Walters, who was fifteen years old at the time, by threatening and cutting her with a knife. The Bill also stated that appellant had repeatedly forced her to engage in sexual acts against her will.
Appellant, on April 20, 1992, entered a plea of not guilty by reason of insanity. On June 17, 1992, appellant entered a plea of guilty to one count of rape in violation of R.C. 2907.02 and one count of kidnaping in violation of R.C. 2905.01. Pursuant to a Judgment Entry filed on June 22, 1992, appellant was sentenced to a period of ten to twenty five years on each count. The sentences were to be served concurrently. The same day, a Judgment Entry, granting the State's oral motion to merge the counts of rape contained in counts two and three into the count of rape contained in count one of the indictment, was filed.
After the enactment of Ohio's version of Megan's Law, R.C. Chapter 2950, a hearing to determine appellant's status as a sexual predator under R.C. 2950.09 was held on June 10, 1998. Prior to the hearing, appellant, on May 29, 1998, filed a Motion for an Order Finding R.C. 2950.09(C) to be Unconstitutionally Vague, a Motion to Find O.R.C. 2950.04(C) as Contrary to the Double Jeopardy Clause, and a Motion to Dismiss on retroactivity grounds. The trial court took the matter under advisement. Pursuant to a Judgment Entry filed on June 16, 1998, the trial court denied appellant's motions and adjudicated appellant to be a sexual predator.
It is from such adjudication that appellant prosecutes this appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN FINDING APPELLANT A SEXUAL PREDATOR.
 I
In his single assignment of error, appellant contends that the trial court's adjudicating him a sexual predator was not supported by clear and convincing evidence.
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C.E. Morris Co.v. Foley Construction (1978), 54 Ohio St.2d 279. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(D) states that sexually oriented offenses include a violation of Section2907.02 of the Revised Code, regardless of the age of the victim, and a violation of Section 2905.01 when the victim is under eighteen years of age. R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
After considering all relevant factors, the trial court could find the appellant to be a sexual predator if that was shown by clear and convincing evidence. R.C. 2950.09(C)(2) Reliable hearsay may be relied upon by the trial judge in making that determination. Cook, supra, p. 425.
At the hearing, the trial court considered the above factors. The State presented the trial court with the judgment entry wherein appellant changed his plea to guilty and was sentenced, the Bill of Particulars and the sexual predator screening instrument prepared by the Ohio Department of Rehabilitation and Correction.[1] The documentation produced at the hearing revealed that in 1990, appellant had been convicted of one count of corruption of a minor after he had had consensual sexual conduct with Amy Walters, the victim in this case, who was then thirteen years old. At such time, appellant was ordered to avoid further contact with minors, including the victim. However, in 1992, he proceeded to kidnap Ms. Walters at knife point, stab her and repeatedly force her to engage in sexual conduct with him. Ms. Walters was only able to escape from the appellant after being tied up in an abandoned house. In response to such evidence, Appellant, in turn, emphasized at the hearing that he had been involved in stress management and alcohol abuse programs and had maintained a clean record at the institution.
The fact that appellant, after his 1990 conviction for corruption of a thirteen year old, proceeded approximately two (2) years later to violently kidnap, stab and force the same young victim to engage in sexual conduct with him mitigates in favor of the trial court's decision. As the prosecutor stated during the hearing, appellant "continued . . . a demonstrated pattern of criminal conduct which culminated in this particular incident, . . ." Transcript of Proceedings at 11.
Accordingly, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(2) and that there was competent, credible evidence to support the findings made by the trial court at the June 10, 1998, hearing. We further find that the evidence presented and the findings made at such hearing support the finding that appellant is a sexual predator under R.C. 2950.01(E) by clear and convincing evidence and that such finding is not against the manifest weight of the evidence.
Appellant's assignment of error is overruled.
The judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Edwards, J., Wise, P.J. and Hoffman, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs waived.
--------------------
--------------------
 -------------------- JUDGES
[1] At the hearing, the State also presented the trial court with a psycho-diagnostic report prepared by Dr. Kathleen Stafford in May of 1992 as to appellant's mental state at the time of the incident. However, since Dr. Stafford did not testify at the hearing, the trial court would not admit such report.